No. 2,459.

THOS. RHEA *et al.*, APPELLANTS, *v.* WILLIAM SURRYHNE, RESPONDENT.

FRAUD.—FALSE REPRESENTATION.—S. entered into an arrangement with R., F. and W., to purchase, on their joint account, a tract of land, at a price not to exceed $34,000, with a mutual understanding that S. should consummate the purchase for the least price for which the land could be bought. S. completed the purchase for the sum of $30,000, but represented to his associates that the price was $34,000, and received from each of them his proportion of that sum. *Held*, that the false representation of S. was a fraud upon his associates, and that he is liable to them for the excess of purchase money received from them, with interest.

APPEAL from the District Court of the Third District, Alameda County.

The facts are stated in the opinion.

*Chas. A. Tuttle* and *W. H. Glascock*, for Appellants.

*S. F. Gilcrest*, for Respondent.

SPRAGUE, J., delivered the opinion of the Court, RHODES, C.J., and WALLACE, J., concurring:

Placing the most favorable construction for defendant upon his assumed specific denials of the material allegations of the complaint, and considering the material allegations of the complaint, not attempted to be denied, and the special findings of facts by the Court on the issues joined and tendered by the pleadings, as a basis for the conclusions of law and judgment pronounced thereon by the Court, neither the conclusions of law or judgment can be sustained.

From the material, admitted allegations of the complaint, and the essential facts found by the Court, it is conclusively manifest that the defendant proposed to plaintiffs to join him in the purchase of the lands from Mrs. Lansing, at a price not exceeding $34,000, and that plaintiffs accepted the proposition with the distinct understanding on their part, so understood and assented to at the time by defendant, that the defendant should conduct the negotiations for the purchase to a final consummation, at the least price for which the same could be made from Mrs. Lansing for and in behalf of all the parties interested in such purchase, and that each party should advance and pay of the purchase price a share equal to his proportionate interest in the lands secured by the purchase.    It is further manifest, that defendant betrayed the confidence and trust thus reposed in him by the plaintiffs, his associates in such purchase, by falsely pretending and holding out to them that the land could not be obtained from Mrs. Lansing at a less price than $34,000, when he well knew that $30,000 was all that she asked for the same; by which false pretenses he, with full knowledge of the confidence reposed in him by plaintiffs, induced and procured them to advance and pay to him upon the purchase three thousand dollars more than three fourths of the purchase price of the lands for a three fourths interest therein; which three thousand dollars defendant fraudulently received to his own use, in violation of the trust reposed in him by plaintiffs, and still retains.

It is further manifest, that plaintiffs had no knowledge or

intimation of the treachery and deceit being practiced upon them by defendant, until after they had made all their advances and payments, and in connection with defendant received their deed from Mrs. Lansing for the land, by which they acquired an undivided three fourths interest in the land, and the same had been divided and partitioned between the respective parties in interest, in the ratio of one fourth to each in severalty; when plaintiffs discovered the fraud and treachery practiced upon them by defendant, and demanded of him the three thousand dollars so received by him of their money and appropriated to his own use, which he refused to refund.

Judgment reversed and cause remanded, with directions to the Court below to enter judgment against the defendant in favor of plaintiffs, as prayed for in the complaint.

CROCKETT, J., and TEMPLE, J., expressed no opinion.